F. H. Woods, Surrogate.
Application is made in. this matter by the assignee of the petitioner, who is dead, for leave to intervene and to continue the proceedings begun to require the executrix to account. ■Objection is made by the executrix on the ground, first, that this court has not jurisdictions to allow the intervention; and, secondly, that the assignee took nothing under his assignment. No case in point has been cited on the argument, and I have not been, able to find any case which might serve as a precedent. So the considerations hereinafter stated shall stand as reasons for the decision of the motion. ’
In all matters relative.to the probate of wills and the administration of the estates of deceased persons, this court proceeds in conformity with prescription and established usage, except as .modified by statutory regulation. In this proceeding we have jurisdiction of the subject matter. The executrix has submitted her account to this court, and jurisdiction of the subject matter, having been once acquired, is retained through all the proceedings, from the time letters are issued to the final distribution of the residue.
So we have jurisdiction of the person of the executrix, but we have lost jurisdiction of the original petitioner by her death. But this does not prevent us from allowing the proceedings to be carried on by the executrix, and assignee of the petitioner, who offers to submit himself to our jurisdiction.
Before the adoption of the Code of Civil Procedure, the surrogate had no power to direct the payment of a distributive share or legacy to an assignee thereof (Hitchcock v. Marshall, 2 Redf. 174; Worrall v. Driggs, 1 Id. 449).
The Code, however, has changed this rule, and now an assignee, on the settlement of an account, is entitled to the share of the estate which the assignor *418 would take, had there been no assignment (Code Civ. Pro. § 2743).
The Code has also provided for the enforcement of the claim of the assignee by action or special proceeding, the same as the transferor might have done {Code Civ. Pro. § 1909).
The transferor might assuredly continue this proceeding, and the transferee is entitled to the same rights.
But it is said that the assignee acquired no rights under the assignment.
We shall not determine that question át this time. It is sufficient to say that, on the papers as presented and sworn to, he alleges that he has an interest in the proceeding. An allegation of his interest, duly verified, suffices to apply for an accounting, although his interest is disputed {Code Civ. Pro. § 2514, subd. 11).
The Code not only provides that an assignee should be made a,party {Code, § 2743), but it also provides that a person, interested in the estate, although not cited, is entitled to appear upon a hearing, and thus make himself a party to the special proceeding {Code Civ. Pro. § 2731).
And it is also expressly declared that an assignee is a “ person interested ’ ’ in the estate {Code Civ. Pro. § 2514, subd. 11).
If the decision of this motion be discretionary, then we think that the granting of it is the use of a good discretion. We are, therefore, of the opinion that the prayer of the petitioner, the assignee, should be granted, and an order to that effect will be entered.